**KIM, CHO & LIM, LLC**
Joshua S. Lim, Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Na, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
joshualim@kcllawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yu Young Lee,<br><br>      Plaintiff,<br><br> -against-<br><br>Donald Nuckel & Co., Inc., Donald Nuckel, and Miyoung Chung,<br><br>      Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

   Plaintiff, YU YOUNG LEE, by and through his attorneys, Kim, Cho & Lim, LLC, complaining of Defendants, DONALD NUCKEL & CO., INC., DONALD NUCKEL, and MIYOUNG CHUNG (collectively, "Defendants"), avers as follows:

**NATURE OF THE ACTION**

  1. Plaintiff brings this action against his former employer, Defendants Donald Nuckel & Co., Inc., Donald Nuckel and Miyoung Chung, for unpaid overtime premiums, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New Jersey Labor Law ("NJLL"), *N.J.S.A.* 34:1-1, discrimination in employment on the basis of age, in violation of the New Jersey Law Against Discrimination ("NJLAD"), *N.J.S.A.* 10:5-1 *et seq.*, and retaliation , in violation of NJLL, *N.J.S.A.* 34:11-56a24, and NJLAD, *N.J.S.A.* 10:5-12(d).

**PARTIES**

2. Plaintiff Yu Young Lee is an individual residing in the State of New Jersey, and was formerly employed by Defendants.

3. Defendant Donald Nuckel & Co., Inc. (the "Company") is a business incorporated under the laws of the State of New Jersey, located at 281 Liberty Street, Little Ferry, New Jersey 07643. The Company owns, develops and manages real estate.

4. Defendant Donald Nuckel ("Nuckel") is an individual residing in the State of New Jersey. Nuckel is the owner of the Company.

5. Defendant Miyoung Chung ("Chung") is an individual residing in the State of New Jersey. Chung is the manager of the Company and the girlfriend of Donald Nuckel.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant resides in this jurisdiction

**STATEMENT OF CLAIM**

9. From July 2015 until September 23, 2019, Plaintiff was employed by Defendants, an enterprise engaged in interstate commerce with annual gross volume of sales or business of not less than $500,000, and therefore subject to the FLSA, 29 U.S.C. §§ 201, *et seq.*, NJLL, *N.J.S.A.* 34:1-1, *et seq.*, and NJLAD, *N.J.S.A.* 10:5-1, *et seq*.

10. Nuckel is the owner of the Company, and his girlfriend Chung, is the manager of the Company. During his employment, Chung had supervisory authority over Plaintiff.

11. Plaintiff was sixty-eight (68) to seventy-two (72) years old over the course of his employment.

12. Plaintiff was initially hired as an office assistant, then was later assigned to do maintenance work on the Company's properties.

13. At all times during his employment, in his capacity as office assistant and maintenance worker, Plaintiff worked in excess of forty (40) hours per week, with some variation in total hours each week.

14. Plaintiff's workload also increased from April 2019 until August 2019, when Defendants fired all of their other maintenance workers, making Plaintiff the sole maintenance worker for the Company's Little Ferry properties.

15. Additionally, since the beginning of his employment, Plaintiff was required to live in a studio next to Nuckel and Chung's apartment, so that he could be accessible or "on-call" for twenty-four (24) hours per day, to look after their personal residence. Notably, the studio was not big enough for both Plaintiff and his wife, so she was forced to live in a separate apartment in the same complex.

16. Defendants failed to compensate Plaintiff at a rate of one and one-half (1.5) times his regular wage rate, for hours worked in excess of forty (40) per week, as required under the FLSA, 29 U.S.C. § 207(a)(1), and NJLL, *N.J.S.A.* 34:11-56a4(b).

17. Defendants also failed to compensate Plaintiff, either at his regular or overtime wage rate, for being "on-call" and the work he performed outside normal working hours on Nuckel and Chung's personal residence.

18. Throughout his employment, Defendants frequently disparaged Plaintiff for being too "old." If Plaintiff expressed any issues with his work, Defendants told him he should be grateful to have a job in light of his age. Such comments were intimidating, hostile and/or abusive, and impliedly threatened his job security.

19. Over the course of Plaintiff's employment, Defendants also employed other office and maintenance workers, all of whom were younger than Plaintiff. Said employees, despite performing substantially the same work as Plaintiff, were paid at a higher wage rate than Plaintiff.

20. Nuckel and Chung, as employers and supervisory employees, had a duty to prevent discriminatory conduct in the workplace. Instead, Nuckel and Chung engaged in it, by making discriminatory comments and implementing discriminatory policies based on Plaintiff's age.

21. Plaintiff sought legal advice regarding his rights as an employee. Then, in or about August 2019, Plaintiff's counsel sent a demand letter to Defendants, seeking unpaid overtime compensation, and alleging age-based discrimination. The letter specifically advised Defendants not to retaliate.

22. Shortly thereafter, starting the week of August 19, 2019, Defendants reassigned Plaintiff to work on the Company's South Jersey properties in Hazlet. The new location was approximately ninety (90) minutes from Plaintiff's home.

23. In addition, while Plaintiff had previously used the Company's vehicle for travel, that vehicle was taken away since his reassignment. Plaintiff was forced to purchase a new vehicle to travel to work.

24. Defendants did not reimburse Plaintiff for his new vehicle, or his toll and gas costs. And because he could not afford the daily commute, Plaintiff was forced to relocate to a studio in Hazlet.

25. At the time of his reassignment, Plaintiff's family – including his wife, his daughter and son, and his two grandchildren – were living in Fort Lee, within a reasonable distance from Little Ferry. Due to his reassignment and subsequent move, Plaintiff could only visit his family on weekends, and only when he could afford to.

26. Defendants deliberately undermined Plaintiff in his work. Specifically, Chung began to exclude Plaintiff from group messages to the employees, so that he would not receive certain communications.

27. Defendants also reduced the maintenance staff's hours to forty (40) per week, with no overtime. However, Plaintiff remained on call for emergency work.

28. Notwithstanding his working conditions, Plaintiff was always able to do his work. Tenants frequently requested that Plaintiff do their maintenance and contacted him directly. Tenants also requested Plaintiff even after Defendants had sent them a different employee.

29. At all relevant times, Defendants were aware of Plaintiff's living situation. Defendants controlled the terms and conditions of Plaintiff's employment, including his assignments, and the rate and method of compensation for all of their employees. Defendants were also noticed, in the demand letter, that Plaintiff would be seeking his unpaid overtime premium and damages for age-discrimination. Defendants were advised not to retaliate.

30. As such, Defendants willfully failed to remit Plaintiff his unpaid overtime premiums and to cease their discriminatory conduct. Defendants willfully retaliated and/or sought reprisal against Plaintiff for seeking legal advice about his rights as an employee and complaining about violations of said rights.

31. Due to Defendant's failure to provide full and fair compensation, their discriminatory conduct, and their retaliation, Plaintiff's working conditions became intolerable and he was forced to resign on September 23, 2019.

**FIRST CAUSE OF ACTION**
(FLSA – UNPAID OVERTIME)
29 U.S.C. § 207(a)(1)

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Plaintiff was formerly employed by Defendants, an enterprise engaged in interstate commerce with annual gross volume of sales or business of not less than $500,000, and therefore subject to FLSA, 29 U.S.C. §§ 201, *et seq*.

34. Over the course of his employment, Defendants failed to pay Plaintiff's overtime compensation at a rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

35. Defendants controlled the terms and conditions of employment, including the rate and method of compensation for its employees.

36. Defendants "knew or showed reckless disregard for . . . whether [their] conduct was prohibited by statute"; and therefore willfully failed to pay Plaintiff his overtime premium, in violation of FLSA, 29

U.S.C. § 207(a)(1). *Black v. SettlePou, P.C.*, 732 F.3d 492, 501-02 (5th Cir. 2013) (internal citations omitted).

37. As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
(NJLL – UNPAID OVERTIME)
*N.J.S.A.* 34:11-56a4(b)

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. Plaintiff was formerly employed by Defendants, who were subject to NJLL, *N.J.S.A.* 34:11-56a1.

40. Over the course of his employment, Defendants failed to pay Plaintiff's overtime compensation at a rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) per week, in violation of *N.J.S.A.* 34:11-56a4(b).

41. Defendants not only failed to pay for Plaintiff's overtime work as an office and/or maintenance worker, but also failed to compensate him for his "on-call" hours, for which he was required to live next door and "engaged to wait" upon Nuckels and Chung's personal residence. *N.J.S.A.* 12:56-5.6, -5.7.

42. Defendants controlled the terms and conditions of employment, including the rate and method of compensation for its employees.

43. Defendants knew or showed reckless disregard for whether their conduct was prohibited by statute.

44. As such, Defendants' failure to pay Plaintiff his overtime premium was a willful violation of *N.J.S.A.* 34:11-56a4(b).

45. As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
(NJLL – RETALIATION)
*N.J.S.A.* 34:11-56a25

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Plaintiff was formerly employed by Defendants, who were subject to NJLL, *N.J.S.A.* 34:11-56a1.

48. By and through his counsel's demand letter, Plaintiff complained to his employer *inter alia* that he had not been paid wages in accordance with the provisions of NJLL. *N.J.S.A.* 34:11-56a24. The letter also advised Defendants not to retaliate.

49. In response to his complaint, Defendants reassigned Plaintiff to work on their properties in Hazlet, in South Jersey. The reassignment forced Plaintiff to move to Hazlet, ninety (90) minutes away from his family, and to bear the expense of a new vehicle and travel costs.

50. Due to his reassignment, Plaintiff could only visit his family on weekends, and only when he could afford to do so.

51. Plaintiff's working conditions became intolerable, and he was "constructively discharged" when he was forced to resign.

52. Defendants controlled the terms and conditions of employment, including his assignments. They also knew or showed reckless disregard for whether their conduct was prohibited by statute.

53. As such, Defendants' retaliatory conduct was a willful violation of NJLL, for which they are civilly liable pursuant to *N.J.S.A.* 34:11-56a25.

54. As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
(NJLAD – AGE-BASED DISCRIMINATION)
*N.J.S.A.* 10:5-12(a)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff was formerly employed by Defendants, who were subject to NJLAD, *N.J.S.A.* 10:5-1 *et seq*.

57. Plaintiff was sixty-eight (68) to seventy-two (72) years old over the course of his employment.

58. Defendants frequently disparaged Plaintiff for being too "old." If Plaintiff expressed any issues with his work, Defendants told him he should be grateful to have a job because of his age.

59. These comments were intimidating, hostile and/or abusive, and impliedly threatened his job security.

60. Defendants also employed other office and maintenance workers, all of whom were younger than Plaintiff.

61. Said employees, despite performing substantially the same work as Plaintiff, were paid at a higher wage rate than Plaintiff.

62. Nuckel and Chung, as employers and supervisory employees, had a duty to prevent discriminatory conduct in the workplace. *See Herman v. Coastal Corp.*, 348 *N.J. Super.* 1, 24-25 (App. Div. 2002); *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001).

63. Instead, Nuckel and Chung engaged in it, by making discriminatory comments and implementing discriminatory policies based on Plaintiff's age.

64. Defendants' conduct was so severe and pervasive, such that a reasonable person would believe that the conditions of employment were altered and that the working environment was intimidating, hostile and/or abusive.

65. Defendants willfully subjected Plaintiff to discrimination based on age and a hostile working environment, in violation of *N.J.S.A.* 10:5-12(a).

66. As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
(NJLAD – REPRISAL)
*N.J.S.A.* 10:5-12(d)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff was formerly employed by Defendants, who were subject to NJLAD, *N.J.S.A.* 10:5-1 *et seq*.

69. Plaintiff was sixty-eight (68) to seventy-two (72) years old over the course of his employment.

70. Over the course of his employment, Plaintiff was frequently and persistently subject to age-based discrimination, due to aforementioned discriminatory comments and employment policies.

71. By and through his counsel's demand letter, Plaintiff complained to Defendants *inter alia* about their age-based discriminatory conduct.

72. In response, Defendants reassigned Plaintiff to work on their properties in Hazlet, in South Jersey. The reassignment forced Plaintiff to move to Hazlet, ninety (90) minutes away from his family, and to bear the expense of a new vehicle and travel costs.

73. Due to his reassignment, Plaintiff could only visit his family on weekends, and only when he could afford to do so.

74. Plaintiff's working conditions became intolerable, and he was "constructively discharged" when he was forced to resign.

75. Defendants controlled the terms and conditions of employment, including his assignments. They also knew or showed reckless disregard for whether their conduct was prohibited by statute.

76. Defendants changed Plaintiff's working conditions, because he "opposed . . . practices or acts forbidden under [NJLAD,] sought legal advice regarding rights under [NJLAD and/or] shared relevant information with legal counsel[.]" *N.J.S.A.* 10:5-12(d).

77. As such, Defendants actions constituted an unlawful and willful "reprisal" in violation of NJLAD, *N.J.S.A.* 10:5-12(d).

78. As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
(NJLAD – EQUAL PAY ACT)
*N.J.S.A.* 10:5-12(t)

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Plaintiff was formerly employed by Defendants, who were subject to NJLAD, *N.J.S.A.* 10:5-1 *et seq*.

81. Plaintiff was sixty-eight (68) to seventy-two (72) years old over the course of his employment.

82. Plaintiff was initially hired as an office assistant, then was assigned to do maintenance work.

83. Defendants also employed other office and maintenance workers, all of whom were younger than Plaintiff.

84. Said employees performed substantially the same work as Plaintiff but were paid at a higher wage rate than Plaintiff.

85. Defendants also frequently and persistently disparaged Plaintiff, calling him "old" and saying he should be grateful to have a job because of his age.

86. Defendants controlled the terms and conditions of employment, including the rate and method of compensation for their employees.

87. As such, in paying Plaintiff a lower wage than younger employees, who engaged in substantially similar work, Defendants engaged in discrimination in compensation in violation of NJLAD, *N.J.S.A.* 10:5-12(t).

88. As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant for:

1. Damages permitted by law pursuant to FLSA, NJLL and NJLAD;
2. Costs of suit incurred herein;
3. Reasonable attorney's fees incurred herein; and
4. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Palisades Park, NJ  
       September 27, 2019

Respectfully submitted,

By: ___*/s/ Joshua S. Lim*___  
**KIM, CHO & LIM, LLC**  
Joshua S. Lim, Esq.  
460 Bergen Boulevard, Suite 305  
Palisades Park, NJ 07650  
Tel: (201) 585-7400  
Fax: (201) 585-7422  
joshualim@kcllawfirm.com  
*Attorneys for Plaintiff*