UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

YU YOUNG LEE,

        **Plaintiff,**

   v.

DONALD NUCKEL & CO., INC., DONALD NUCKEL, and MIYOUNG CHUNG,

        **Defendants.**

Civ. No. 2:19-CV-18478 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

    Defendants Donald Nuckel, Miyoung Chung[1] ("Individual Defendants") and Donald Nuckel & Co., Inc., (collectively "Defendants") seek to enforce a settlement of this lawsuit against plaintiff Yu Young Lee ("Plaintiff") and dismiss the action with prejudice. Defendants also seek attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11 and N.J.S.A. 2A:15-59.1. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Defendants' motion for settlement enforcement is **GRANTED**. In addition, Defendants' motion for attorneys' fees and costs is **DENIED** without prejudice.

    **I.**    **BACKGROUND**

    On September 27, 2019, Plaintiff filed a six-count complaint alleging employment related violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Labor Law ("NJLL"), and the New Jersey Law Against Discrimination ("NJLAD"). Compl. ¶ 1, ECF No. 1. Plaintiff amended its complaint and Defendants subsequently filed an answer. ECF No. 4, 6-7. A different action was filed by a separate plaintiff against Defendants on April 20, 2020, alleging largely the same claims. *See Nam Su Her v. Donald Nuckel, et al.*, 2:20-cv-04581 (D.N.J.). In that action, Defendants asserted a contribution claim in a third-party complaint against Plaintiff Lee on June 10, 2021. *Id.* That very same day, the parties in this action retained Judge Carver (Ret.) to serve as a mediator for settlement discussions. *See* Defendants' Motion to Enforce Settlement ("Def.'s Motion"), Ex. D, ECF. No. 68

    The mediation took place on July 21, 2021, and resulted in a signed Term Sheet, which contemplated the subsequent execution of a formal writing. *See* Def.'s Motion, Ex. C,

---

[1] Defendants note in their motion that Miyoung Cho was improperly pled as Chung, however, no motion to correct has been filed and the Court will therefore refer to her as Miyoung Chung.

ECF. No. 68. The parties listed on the top of the term sheet include Plaintiff and Defendant Donald Nuckel & Co., Inc., but not the Individual Defendants. Plaintiff Lee signed for himself and counsel for the Defendants signed "for Defendants." *Id*. The Term Sheet also set forth the "material terms" of settlement, including consideration, tax treatment and indemnification, neutral reference, releases, confidentiality, Medicare/Medicaid addendum, no application/no re-hire, and timing. *Id.* The release contains handwritten notes clarifying that it is limited to claims by Plaintiff "to the extent alleged in DNJ 19-cv-2544."[2] *Id.* The release further states that the claims by Plaintiff are "inclusive of all Parties, present and former employees, officers and directors, parent companies, subsidiaries, succors, assigns, related and affiliated entities, PEOs and Insurance Companies." *Id*.

The parties also agreed the Term Sheet "contains all of the essential terms of the settlement and is binding on them." *Id*. In the weeks following the signing of the Term Sheet, the parties exchanged drafts of a Negotiated Settlement Agreement and Release ("NSAR") that both sides made comments and edits on, which only Defendants ultimately signed. *See* Plaintiff's Opposition to Def.'s Motion to Enforce Settlement ("Pl.'s Opp."), at 6, ECF Nos. 49, 69. Plaintiff withheld his signature and Defendants filed this motion on February 9, 2022, to enforce the parties' settlement agreement as codified by the Term Sheet. ECF. No. 45. The motion and opposition papers were refiled in July 2022 to comply with a confidentiality order. ECF Nos. 68, 69.

## II. LEGAL STANDARD

"It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein." *Fox v. Consol. Rail Corp*., 739 F.2d 929, 932 (3d Cir. 1984). "The stakes in summary enforcement of a settlement agreement and summary judgment on the merits of a claim are roughly the same—both deprive the party of his right to be heard in the litigation." *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991). For this reason, the Third Circuit applies a summary judgment standard of review to settlement enforcement. *See id*. at 1032. A court, therefore, must treat the non-moving party's assertions as true and will enforce a settlement only if the moving party is entitled to enforcement as a matter of law. *See id*.

State law governs the viability of settlement agreements. *See id*. at 1032-33. "A settlement agreement between parties to a lawsuit is a contract." *Nolan by Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990). In New Jersey, there is a strong public policy in favor of settlement agreements. *See id*. "Consequently, [New Jersey] courts have refused to vacate final settlements absent compelling circumstances." *Id*. The party seeking to enforce a settlement bears the burden of proving the existence of the agreement in the first instance.

---

[2] No party to this action is related to, or involved with, *In re Proton-Pump Inhibitor Products Liability Litigation.,* 2:19-cv-02544 (D.N.J.). Subsequent drafts of the Negotiated Settlement Agreement and Release indicate that the parties meant to list *Nam Su Her v. Donald Nuckel, et al*., 2:20-cv-04581 (D.N.J.). Nonetheless, the Her action was settled and dismissed with prejudice against *all* parties on May 6, 2022, and therefore any contemplated releases carving out this action is moot.

*United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) (citation omitted). "In general, settlement agreements will be honored absent demonstration of fraud or other compelling circumstances." *See Nolan by Nolan*, 577 A.2d at 146 (quotation and citations omitted). "Before vacating a settlement agreement, [New Jersey] courts require 'clear and convincing proof' that the agreement should be vacated." *Id*. (citing *De Caro v. De Caro*, 97 A.2d 658 (N.J. 1953)).

### III.  DISCUSSION

#### A. Enforceability of Term Sheet

"A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." *Lightman*, 988 F. Supp. at 458 (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280 (N.J. 1992)). "That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *Id*. Neither party disputes that the Term Sheet constitutes a contract, but instead argues whether it is enforceable. Defendants argue that the Court should enforce the Term Sheet as it provides all the essential elements of the settlement and, extrinsic evidence corroborates that, the parties intended to be bound by the Term Sheet. Plaintiff disputes that the Term Sheet sets forth sufficiently definite terms and that the parties manifested their intent to be bound by them. In support of this, Plaintiff points to the failure to list the Individual Defendants as parties to the agreement, the failure to include a dismissal of the action in its entirety as to all Defendants, and the failure to provide a release pertinent to this action.[3]

In New Jersey, "under general contract law terms may be implied in a contract . . . because they are necessarily involved in the contractual relationship so that the parties must have intended them and have only failed to specifically express them because of sheer inadvertence or because the term was too obvious to need expression." *Palisades Props., Inc. v. Brunetti*, 44 N.J. 117, 207 A.2d 522, 531 (N.J. 1965). The claim that the failure to list the Individual Defendants as well as the failure to include a dismissal of the action in its entirety creates a genuine dispute of a material fact rendering the Term Sheet unenforceable is belied by Judge Carver's retainer agreement listing all parties, the mediation held by the judge with *all* parties, and the exchange of draft NSARs explicitly stating the settlement would dispose of the action against all parties. *See* ECF. Nos. 27, 34. Defense counsel initially drafted the NSAR and Plaintiff's counsel provided comments and edits, which goes to both parties' understanding that the settlement would be for all parties in this action. Furthermore, Defense counsel signed the Term Sheet "for *Defendants*." (emphasis added).

---

[3] Plaintiff cites to *Willingboro Mall, Ltd. v. 240/242 Franklin Ave*., L.L.C., 215 N.J. 242 (2013) for the proposition that absent any waiver of the "mediation privilege," the parties may not rely upon mediation related discussions to prove a settlement ever existed. However, that argument is unavailing. The court in *Willingboro* itself noted that the mediation-communication privilege is not absolute. Specifically, "the signed-writing exception […] allows a settlement agreement reduced to writing and properly adopted by the parties to be admitted into evidence to prove the validity of the agreement." *Id.* at 256.

3

Given the parties settlement efforts through mediation and the drafts of the NSARs exchanged between each side, the failure to list the Individual Defendants was "too obvious to need expression" or a product of "sheer inadvertence" and will not preclude enforcement. *Palisades,* 207 A.2d at 531.

Furthermore, any unresolved issues regarding the scope of the releases relate to "implementation" of the agreement rather than to its "essential terms," and therefore do not weigh against enforcing the settlement. *See McDonnell v. Engine Distribs.*, No. 03-1999, 2007 U.S. Dist. LEXIS 70925, 2007 WL 2814628, at *7-8 (D.N.J. Sept. 24, 2007) (holding that a settlement agreement was enforceable when the parties still disputed terms such as how payment of amount due would be guaranteed, scope of release, tax treatment, indemnification, and confidentiality, reasoning that those issues "all speak to the settlement's implementation" and not whether the parties agreed on the settlement terms themselves). As a matter of law, a release is not a material and essential term of a settlement agreement and will not preclude its enforceability. *See In re Columbia Gas System Inc*., 50 F.3d 233, 243 (3d Cir. 1995) (explaining that the "execution of the release to be found in the settlement of any case" is a "ministerial act"); *Fogarty v. Household Finance Corporation III*, 2018 U.S. Dist. LEXIS 143551, 2018 WL 4039506, at *8 (D.N.J. 2018) (citations omitted) ("To the extent plaintiff argues there was no settlement until a formal release or settlement agreement was signed, the argument is rejected. A settlement agreement need not be reduced to writing to be binding. In fact, the execution of a release is a formality."); *Torre v. Geary*, 2017 N.J. Super. Unpub. LEXIS 718, 2017 WL 1101488, at *6 (N.J. Super. Ct. App. Div. 2017) (citing *Jennings v. Reed*, 381 N.J. Super. 217, 885 A.2d 482, 489 (N.J. Super. Ct. App. Div. 2005) ("Even the failure to execute release documents does not void the original agreement, or render it deficient from the outset. Execution of a release is a mere formality, not essential to formation of the contract of settlement." (citing *Hagrish v. Olson*, 254 N.J. Super. 133, 603 A.2d 108 (App. Div.1992) (a settlement agreement which required defendants to pay a stated sum of money and which barred plaintiffs from pursuing an appeal is enforceable even though the plaintiffs failed to execute general releases)).

Plaintiff's claim that the failure to include a dismissal of claims for this action renders the Term Sheet unenforceable is unavailing. Under New Jersey law, a court may supply an omitted term which is reasonably based on the contract as a whole. *See Onderdonk v. Presbyterian Homes of New Jersey,* 85 N.J. 171, 182, 425 A.2d 1057 (1981). The fact that there is no explicit release in the Term Sheet for claims in this action does not mean that Plaintiff is free to bring these claims against Defendants. The existence of the Term Sheet contemplating settlement necessarily implies a mutual release of each parties' claims. *See* Gillon v. Eu Ting, Civ. No. 2:12-cv-07558 (DMC) (JBC), 2013 U.S. Dist. LEXIS 136381, at *10-11 (D.N.J. Sep. 20, 2013) (finding mutual release of each parties' claims to be a necessary implication of a settlement agreement); *see also Laser Tech., Inc. v. Tyson*, Civ. No. 99-1994, 2002 U.S. Dist. LEXIS 12261, at *19 n.17 (E.D. Pa. July 2, 2002) ("The settlement agreement necessarily implies a release of claims even though the 'Outline of Settlement' does not specifically state as much.")

Plaintiff further argues that there could not have been a "meeting of the minds" as the NSAR "covers more parties than those to the term sheet, and […] encompasses a greater and different release than the one agreed to by defense counsel herself." However, as discussed above, the release is a formality that will not preclude enforcing a settlement agreement. Moreover, the fact that Term Sheet inadvertently excludes the Individual Defendants also does not preclude enforceability. All letters submitted in relation to the mediation with Judge Carver, including Judge Carver's retainer agreement, and the drafts of the NSAR exchanged after the mediation make clear that the settlement was indeed intended to dismiss the action entirely against all parties. *See* Def.'s Motion, Ex. C, D, G, H, I, K,

The Court thus finds that the Term Sheet constitutes an enforceable contract because the parties have "agreed on essential terms, and manifest[ed] an intention to be bound by those terms." *Lightman*, 988 F. Supp. at 458

### B.  Defendants' Motion for Sanctions

Finally, Defendants ask this Court to award fees incurred in connection with the motion to enforce settlement pursuant to Rule 11 of the Federal Rules of Civil Procedure and N.J.S.A. 2:15-59.1. because of Plaintiff's failure to abide by the settlement terms and dismiss its complaint with prejudice. The Court will not consider the sanctions request made by Defendants in their motion to enforce settlement. "[A] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

### IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to enforce the settlement agreement is **GRANTED**. Defendants' motion for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**.

An appropriate Order shall follow.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  October 4, 2022**