## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

YU YOUNG LEE,

               **Plaintiff,**

    **v.**

**DONALD NUCKEL & CO., INC., DONALD
NUCKEL, and MIYOUNG CHUNG,**

           **Defendants.**

Civ. No. 2:19-CV-18478 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

Defendants Donald Nuckel, Miyoung Chung[1] ("Individual Defendants") and Donald Nuckel & Co., Inc., (collectively "Defendants") brought this settlement enforcement action against plaintiff Yu Young Lee ("Plaintiff"). This matter comes before the Court on Plaintiff's motion for reconsideration (the "Motion") of the Court's October 4, 2022 Opinion and Order granting Defendants' motion to enforce the settlement. ECF Nos. 72-73. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**. In addition, Defendants' motion for attorneys' fees and costs is **DENIED** without prejudice.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this matter, as discussed in the Court's previous Opinion on October 4, 2022, and will only discuss the relevant facts below. The parties in this action retained Judge Carver (Ret.) to serve as a mediator for settlement discussions. *See* Defendants' Motion to Enforce Settlement ("Def.'s Motion"), Ex. D, ECF. No. 68. The mediation took place on July 21, 2021, and resulted in a signed Term Sheet, which contemplated the subsequent execution of a formal writing. *See* Def.'s Motion, Ex. C, ECF. No. 68. Plaintiff Lee signed for himself and counsel for the Defendants signed "for Defendants." *Id*. The Term Sheet also set forth the "material terms" of settlement, including consideration, tax treatment and indemnification, neutral reference, releases, confidentiality, Medicare/Medicaid addendum, no application/no re-hire, and timing. *Id*.

The parties also agreed the Term Sheet "contains all of the essential terms of the settlement and is binding on them." *Id*. In the weeks following the signing of the Term Sheet,

---

[1] Defendants note in their motion that Miyoung Cho was improperly pled as Chung, however, no motion to correct has been filed and the Court will therefore refer to her as Miyoung Chung.

the parties exchanged drafts of a Negotiated Settlement Agreement and Release ("NSAR") that both sides made comments and edits on, which only Defendants ultimately signed. Plaintiff withheld his signature and Defendants filed their motion on February 9, 2022, to enforce the parties' settlement agreement as codified by the Term Sheet. ECF. No. 45.

## II.   LEGAL STANDARD

"A motion for reconsideration is properly treated as a motion under Rule 59(e) . . . to alter or amend the judgment." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III.   DISCUSSION

### A. Meeting of the Minds

Plaintiff's Motion largely argues that the settlement cannot be enforced because there was no meeting of the minds. Plaintiff asks this Court to reconsider its previous Opinion and Order because the Court did not consider that Plaintiff is unable to speak or understand English and therefore could not have assented to the settlement. The Court finds this argument unavailing. The law on this issue is clear. "Under New Jersey law, settlement stipulations made by attorneys when acting within the scope of their authority are enforceable against their clients." *See McDonnell v. Engine Distribs.*, No. 3-cv-1999, 2007 WL 2814628, at *8 (D.N.J. Sept. 24, 2007) (citing *Jennings v. Reed*, 381 N.J. Super. 217, (N.J. Super. Ct. App. Div. 2005)). An attorney is presumed to possess authority to act on behalf of his client. *Id.* The party asserting the lack of authority "must sustain 'a heavy burden to establish that [the] attorney acted without any kind of authority...'" *Jennings*, 885 A.2d at 490 (quoting *Sur. Ins. Co. of Cal. v. Williams*, 729 F.2d 581, 583 (8th Cir, 1984)). Attorneys for both parties attended a mediation held by Judge Carver (Ret.) where a term sheet set forth the material terms of the settlement.

Therefore, the "parties' objective intent governs. A contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he or she has a different, secret intention from that outwardly manifested." *Hagrish v. Olson*, 254 N.J. Super. 133, 138, 603 A.2d 108 (App. Div. 1992); *Schor v. FMS Financial Corp.*, 357 N.J. Super. 185, 191, 814 A.2d 1108 (App. Div. 2002). Plaintiff outwardly manifested an intent to be bound by the settlement when he attended the mediation and signed the Term Sheet as well as investing presumption authority to his attorneys to act on his behalf. It is proper, and indeed ordinary, for a party to act through an attorney in litigation-related matters. Therefore, Plaintiff, through his agent, outwardly manifested an intent to be bound and Defendants reasonably understood it as such.

B.  Defendants' Motion for Sanctions

Finally, Defendants again ask this Court to award fees incurred in connection with Defendants' frivolous claim letter as well as their motion to enforce settlement pursuant to Rule 11 of the Federal Rules of Civil Procedure and N.J.S.A. 2:15-59.1. The Court will not consider the sanctions request made by Defendants in their opposition to the motion for reconsideration. "[A] motion for sanctions *must be made separately* from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). (emphasis added)

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**. Defendants' motion for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**.

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

**Date:  February 9, 2023**